Dear Mr. Mar:
You question whether or not a person can legally serve as an elected municipal official while contracting with the federal government as a mail carrier delivering mail within municipal limits.
Our state Dual Officeholding and Dual Employment Laws, R.S. 42:61, etseq., prohibit one from "holding an elective office .[in] a political subdivision" while holding "employment in the government of the United States". See R.S. 42:63(A)(1). An exemption in R.S. 42:66I(1) allows an individual to hold federal employment as a postal worker while holding local elective office "in a village or town [which] has a population of five thousand or less". The exemption in such circumstances would be inapplicable in the instant matter as the City of Gretna far exceeds the allowed population.
However, it is the opinion of this office that the Dual Officeholding and Dual Employment Law is inapplicable in this matter. An individual performing services pursuant to a contract is not considered to hold employment for purposes of dual officeholding.
Further, our research reflects that, for purposes of determining whether a person is an independent contractor or a government employee under federal tort law, the test is whether the Postal Service supervises the day-to-day operations of the contractor.[1] See Norton vs. Murphy,661 F.2d 882 (10th Cir 1981), where the federal court determined that a person under contract to deliver mail for the United States was an independent contractor and not an employee of the United States; see alsoHines vs. United States, 60 F.3d 1442 (9th Cir 1995) and Lerma vs. UnitedStates, 716 F. Supp. 1294 (N.D.Cal. 1988) for similar decisions.
We direct you to the Louisiana Board of Ethics, 8401 United Plaza Blvd., Suite 200, Baton Rouge, LA 70809 (225-922-1400) for an opinion concerning the possible application of the Code of Governmental Ethics to the facts here under consideration.
Should you have further questions, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ________________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
[1] The Federal Tort Claims Act, 28 U.S.C. § 2671-2680, makes the federal government liable to the same extent as a private party for certain torts of federal employees acting within the scope of their employment. The Act includes officers and employees of "any federal agency" but expressly excludes "any contractor with the United States." See 28 U.S.C. § 2671.